# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | NO. 4:17-CR-00197-ALM-AGD |
| TIMOTHY JAMES ALEXANDER § | |
| § | |
| § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 41 (sealed).

## PROCEDURAL HISTORY

In June 2018, United States District Judge Marcia Crone sentenced defendant Timothy James Alexander to 96 months imprisonment followed by three years of supervised release. Dkt. 36 at 2–3. Alexander's term of supervised release commenced May 3, 2024. Dkt. 41 at 1 (sealed).

Days later, a probation officer petitioned the court for an arrest warrant, alleging that Alexander had violated five conditions of his supervised release. Dkt. 41 (sealed). The allegations were that Alexander had violated the conditions that required him to (a) not commit another federal, state, or local crime; (b) not unlawfully possess a controlled substance; (c) refrain from any unlawful use of a controlled substance; (d) participate in and follow the rules for a program of testing and treatment for substance abuse; and (e) follow the instructions of his probation officer. Dkt. 41 (sealed).

In support of those allegations, the petition asserted that Alexander possessed methamphetamine; that he submitted a urine specimen that tested positive for methamphetamine and marijuana that same day; and that, on another occasion, he failed to follow the instruction of the probation officer who told him that he must submit a urine specimen. Dkt. 41 (sealed).

A final revocation hearing was held before me on October 7, 2024. Minute Entry for Oct. 7, 2024. Alexander pleaded true to all five allegations. He also consented to revocation of his supervised release and waived his right to object to my proposed findings and recommendations. Dkt. 53. The government requested a sentence of 21 months imprisonment followed by fifteen months of supervised release, which is within the federal sentencing guidelines; the defendant agreed. The defendant stated that he has had a United States Marshals Service hold on him since May 21, 2024. After hearing argument from counsel, the court announced what its recommendation would be.

## RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) Alexander's supervised release be revoked based on the allegations in the petition, Dkt. 41 (sealed); (2) Alexander be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months, to run consecutive to any other term of imprisonment, followed by 15 months of supervised release under all of the prior conditions of supervised release imposed in the original judgment, Dkt. 36, excluding the special condition that Alexander must acquire a high school equivalency certificate; and (3) Alexander be placed at FCI Three Rivers in Three Rivers, Texas, if appropriate.

So ORDERED and SIGNED this 18th day of October, 2024.

_____
Bill Davis
United States Magistrate Judge